IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FREDIS H. CANALES | * |
| | * |
| v. | *   Civil Action No. JKS 14-3780 |
| | * |
| ALICIA RESTAURANT INC., ET AL. | * |
| | * |
| | * |

**MEMORANDUM OPINION**

Presently pending is Plaintiff's Motion to Dismiss Defendants' counterclaim. ECF No. 17. The motion has been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, Plaintiff's motion will be granted.

Plaintiff, Fredis H. Canales, filed a five count complaint against Defendants, Alicia Restaurant Inc. and Miguel A. Ramos-Molina, attempting to recover (1) unpaid wages and overtime under the Fair Labor Standards Act (FLSA), (2) $10,685.37 that Plaintiff allegedly advanced to Defendants for restaurant goods and services and (3) $40 for bank fees resulting from returned checks. ECF No. 1. Defendants filed a counterclaim against Plaintiff, ECF No. 8, and a third party complaint against Jose I. Perez, ECF No. 13, alleging that Perez was the manager of the restaurant from January 9, 2014 to December 31, 2014, that he wrongly failed to pay vendors and employees of the restaurant, and that Defendants were required to assume these debts. ECF No. 8 at 2; ECF No. 9-1; ECF No. 13 at 5-7.

In the counterclaim, Defendants also assert that Perez and Plaintiff entered into an "economic arrangement" such that Plaintiff would advance money to Perez in exchange for a share of the restaurant's profits. ECF No. 8 at 5. Defendants claim that Plaintiff was unjustly enriched by his share of the profits Perez wrongly diverted. *Id.* Plaintiff's motion to dismiss Defendants' counterclaim argues that it fails to allege that Plaintiff received an unfair benefit

*from Defendants*, but instead, alleges that Plaintiff received the unfair benefit from Perez.  ECF No. 17-1 at 4.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.  The plausibility standard requires that the pleader show more than a mere possibility of success, although it does not impose a "probability requirement."  *Id.* at 556.  A court must "draw on its judicial experience and common sense to determine whether the pleader has stated a plausible claim for relief."  *Cloverleaf Enterprises, Inc. v. Maryland Thoroughbred, Horsemen's Ass'n, Inc.*, 730 F. Supp. 2d 451, 459-60 (D. Md. 2010).

> To sustain an unjust enrichment claim, the plaintiff must establish:
>
> (1) A benefit conferred upon the defendant by the plaintiff; (2) Appreciation or knowledge by the defendant of the benefit; and (3) Acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

*Robinson v. Fountainhead Title Group Corp.*, 447 F. Supp. 2d 478, 493 (D. Md. 2006); *County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 95 n.7 (2000). Here, Defendants fail to satisfy the first prong of an unjust enrichment claim because they allege that the benefit was conferred by Perez, not Defendants: "Perez was to collect all monies received in operation of Alicia Restaurant, pay all obligations" and "be entitled to maintain possession of the net profits."  ECF No. 8 at 3; *see also* Management Agreement, ECF No. 9-1 at 5 ("All monies received in operation of the Restaurant . . . shall be collected by the Manager and shall be paid . . . for the expenses of operating the Restaurant . . . [and] [t]he balance of the net profits then remaining shall be the property of the Manager.").  Even if Plaintiff received money

to which he was not entitled, the money came from Perez, not Defendants.

The essence of this counterclaim is an allegation that "to the extent that Canales received monies to which he was not entitled as a result of [the] operation of the Alicia Restaurant, Canales has been unjustly enriched." ECF No. 8 at 5. Simply stating that Plaintiff may have received money that he was not entitled to is, however, not sufficient to show that Plaintiff is retaining money as against Defendants and under inequitable circumstances. *See Mohiuddin v. Doctors Billing & Mgmt. Solutions*, 196 Md. App. 439, 450 (2010) (holding that the complaint failed to assert with sufficient specificity "that [the defendant] was enriched as a result of circumstances, such as fraud or misrepresentation, that might make it inequitable for the company to retain the value of [the plaintiff's] services without paying for them").

Plaintiff's complaint alleges that Defendants were his employers and that Plaintiff advanced money to Defendants to pay restaurant expenses. Defendants deny both of these facts. ECF No. 1 at 2-3; ECF No. 6 at 4; ECF No. 7 at 4. Similarly, Defendants' opposition to the motion to dismiss alleges that Plaintiff advanced money not to them but to Perez, and was an employee or business associate of Perez. Whether these facts support an alternative theory of recovery from Plaintiff is not clear, but the counterclaim for unjust enrichment must be dismissed. Defendants will be granted leave to file an amended counterclaim by not later than July 30, 2015.

Date: July 7, 2015                                    /S/
                                              Jillyn K. Schulze
                                         United States Magistrate Judge